IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 47516

| | | |
|---|---|---|
| In the Interest of Jane Doe I, A Child Under Eighteen (18) Years of Age. | ) ) | |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) | Filed: February 19, 2020 |
| | ) | |
| Petitioner-Respondent, | ) | Karel A. Lehrman, Clerk |
| | ) | |
| v. | ) ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT |
| JANE DOE (2019-37), | ) | BE CITED AS AUTHORITY |
| | ) | |
| Respondent-Appellant. | ) | |
| | ) | |

Appeal from the Magistrate Division of the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Thomas D. Kershaw, Jr., Magistrate.

Judgment of termination of parental rights, affirmed.

Williams Law Office Chtd.; Tim J. Williams, Twin Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; James T. Baird, Deputy Attorney General, Twin Falls, for respondent.

_____

GRATTON, Judge

Jane Doe (Mother) appeals from the judgment terminating her parental rights. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Mother has five children. While incarcerated she lost custody to three and the remaining two are the subject of this appeal. The minor children, B.D. and D.H., each have different fathers. In 2015, when B.D. was just over a year old, Mother went to the emergency room with complaints that the heroin she had taken was laced with some other ingredient that she believed was making her sick. The nurses treating Mother noted that B.D., who was also present,

appeared hungry and thirsty and his diaper was saturated. The child was declared to be in imminent danger and was placed with the Department of Health and Welfare (Department).

B.D. was placed in foster care with an experienced foster family. B.D. remained in their care for almost two years. During this time Mother was in a retained jurisdiction program with the Department of Correction and B.D.'s father, who was described by Mother as a "one-time thing," was not interested in or involved with the child. B.D.'s foster family befriended Mother and provided her with support, allowing her to successfully complete her case plan in 2017. B.D. was returned to her care.

In 2018 the Department received a report that Mother was using illegal drugs again. As a case worker arrived to investigate, Mother was in the process of being arrested for felony drug possession and was taken into custody. By this time Mother had another child, D.H., who was four months old. Both children were taken into custody and placed with the same foster family that had taken B.D. previously. Mother was sentenced to a term of imprisonment which would allow her to be released at the earliest in June of 2020 and or at the latest in 2025. The foster family allows liberal contact between the children and their biological family, though they want to adopt them and have been approved as an adoptive placement by the Department.

A case plan hearing was held in 2018 and review and permanency hearings were held periodically after the case plan was ordered. Mother did not complete or make significant progress on her plan. Based on her lack of progress and the amount of time that had passed, the Department filed a petition to terminate the parent-child relationship on May 9, 2019. A trial was held on October 17, 2019, and Mother's parental rights were terminated on the grounds of neglect, incarceration, and best interests of the children. Mother timely appeals.

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho

383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id*. Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *In re Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *In re Doe*, 143 Idaho at 346, 144 P.3d at 600.

## III.

## ANALYSIS

Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

3

## A. Substantial and Competent Evidence Supports the Magistrate Court's Finding of Neglect

Idaho Code § 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a child protective act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b).

Mother argues there was not sufficient evidence to terminate her parental rights. The magistrate court determined Mother failed to provide proper parental care, control, subsistence, and medical care because of her drug use and significant periods of incarceration. Additionally, Mother's failure to make progress on her case plan resulted in the children being in foster care for a substantial period of time, far exceeding fifteen of the preceding twenty-two months. The magistrate court's decision is supported by substantial and competent evidence. Mother failed to comply with her case plan, and the children have been in foster care for a substantial portion, if not the majority of, their lives. Further, Mother's drug use has had a greater influence on the children than simply her incarceration; D.H. tested positive for heroin at birth and B.D. was described by witnesses as being hungry, thirsty and in discomfort from a soiled diaper when Mother sought help after using heroin. Mother has not made any significant progress, did not provide financial support, did not provide the Department with documentation of case plan progress, and only made limited efforts after the petition for termination was filed. The magistrate court's finding that the children were neglected is supported by substantial and competent evidence.[1]

## B. Substantial and Competent Evidence Supports the Magistrate Court's Conclusion That Termination Is in the Children's Best Interests

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is

---

[1] The record also supports termination under Idaho Code § 16-2005(1)(e): "The parent has been incarcerated and is likely to remain incarcerated for a substantial period of time during the child's minority." Mother is currently imprisoned and may remain so until 2025 if not approved for parole.

in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

The magistrate court determined it would be in the best interests of the children to terminate the parental relationship with Mother. Specifically, it stated:

> All of the witnesses recognize the need of these children for permanency and stability. [Mother is one year] away from the possibility of getting out of prison. A release from prison will certainly be followed by a period of time in transitional housing where children may not live. The child protection case will remain open and neither the Department of Health and Welfare nor this court is going to be willing to return these children to their parents'[2] care without a substantial period of time in which they demonstrate sobriety and stability. It follows that the ability of these parents to even begin having a normal parental relationship with their very young children is, at best, years away.
>
> The court concludes that such a wait for stability and permanency is not in the best interests of the children. They are doing very well in the foster home where both of them have lived a majority of their lives.

It is clear upon review that the magistrate court considered the best interests of the children and that those determinations are supported by substantial and competent evidence. Mother provides limited argument as to why this determination was not in the best interests of the children. Therefore, without any argument otherwise, and based upon our review of the evidence, we hold the magistrate court's conclusion that terminating Mother's parental rights is in the children's best interests was supported by clear and convincing evidence.

## IV.

## CONCLUSION

Substantial and competent evidence supports the magistrate court's decision to terminate Mother's parental rights on the basis of neglect, incarceration, and the children's best interests. Accordingly, we affirm the order terminating Mother's parental rights.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.

---

[2] B.D.'s father did not contest the termination of his rights. The rights of D.H.'s father are addressed in a separate appeal.